FILED
SEP -9 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 09-14146-B-13
)
Johnnie Ray Pena and )
Bertha Alicia Pena, )
)
Debtors. )
_____)

## MEMORANDUM REGARDING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

Before the court is an Application for Payment of Unclaimed Funds (the "Application") filed on behalf of Bank of America Corporation by Sierra Funds Recovery, Inc. The Application relates to money which the chapter 13 trustee deposited with the Treasurer of the United States pursuant to 11 U.S.C. § 347(a). The amount at issue is $1,345.03 (the "Unclaimed Funds"). The Unclaimed Funds represent a distribution made by the trustee on account of a proof of claim filed by Bank of America's predecessor in interest, BAC Home Loans Servicing, LP (Bank of America Corporation and BAC Home Loans Servicing, LP, are collectively referred to herein as the "Bank").[1] When Johnnie & Bertha Pena (the "Debtors")

---

[1] The mortgage creditor was originally listed in the schedules as Countrywide Home Loans, Inc., and the loan documents attached to the proof of claim are in the same name. Countrywide Home Loans, Inc., no longer exists and has been absorbed into the Bank of America organization. For purposes of this memorandum, the court accepts the proposition that

were in bankruptcy, the Bank's claim was secured by a mortgage lien against the Debtors' residence. Because the Application does not establish that the Bank is still entitled to any money on account of the underlying secured obligation, the Application will be denied.

**Background.**

This bankruptcy was filed under chapter 13 in May 2009. Michael H. Meyer, Esq., was appointed as the chapter 13 trustee (the "Trustee"). The Bank timely filed a proof of claim in the amount of $201,318.28, which stated that it was fully secured by a first priority mortgage lien against the Debtor's residence (the "Secured Claim"). The Secured Claim reports a prepetition arrearage in the amount of $10,118.28. The regular monthly mortgage payments are stated to be $916.17. The Debtors' confirmed chapter 13 plan required that both the arrearage and the postpetition mortgage payments be paid through the Trustee.

The case was dismissed in January 2010 based on the Debtors' failure to make their chapter 13 plan payments. The Trustee's final report and accounting shows that $6,634.58 was distributed by check to the Bank during the case on account of the Secured Claim. Unfortunately, one or more of those checks were not cashed by the Bank. After 90 days, the Trustee stopped payment of the uncashed checks. In June 2010, the Trustee deposited the money from the uncashed checks, the Unclaimed Funds, with the clerk of the court pursuant to 11 U.S.C. § 347(a) which requires turnover of the money to the court's registry:

> Ninety days after the final distribution . . . in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

**Procedure for Recovering Unclaimed Funds**

Once the clerk of the court received the Unclaimed Funds, they became

---

Bank of America is the proper party to file this Application.

2

subject to administration in compliance with 28 U.S.C. § 2041 which provides for recovery, with court approval, by the "the rightful owners":

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money *to the rightful owners* upon security, according to agreement of parties, under the direction of the court. (Emphasis added.)

With the Unclaimed Funds, the Trustee also provided to the clerk of the court the name and address of the entity to which the money was originally distributed. Rule 3011.[2] The Unclaimed Funds will remain on deposit with the Treasurer of the United States until an appropriate claim is filed for their recovery pursuant to 28 U.S.C. § 2042 which requires "full proof of the right thereto":

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney *and full proof of the right thereto*, obtain an order directing payment to him. (Emphasis added.)

The bankruptcy court has a duty to make sure that unclaimed funds are paid to the proper party. *In re Scott*, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006)(citation omitted). When a claimant submits an application for payment of unclaimed funds on account of a secured claim, the court must make a determination that the claimant is not only the proper party to make the claim, but that the claimant is also entitled to the funds. The burden of proving an entity's entitlement to unclaimed funds rests with the applicant. *In re Acker*, 275 B.R. 143, 144 (Bankr. D.D. C. 2002)(citation omitted).

---

[2]Fed.R.Bankr.P. 3011 provides: The trustee shall file a list of all known names and addresses of the entities and the amounts which they are entitled to be paid from remaining property of the estate that is paid into court pursuant to § 347(a) of the Code.

In the Eastern District of California, the procedure for recovery of unclaimed funds is prescribed in the Guidelines Pertaining to Applications for Payment of Unclaimed Funds, revised December 10, 2009 (the "Guidelines"). Pursuant to those Guidelines, the request for an order releasing unclaimed funds must be submitted in a written application. There is no requirement that the debtor(s) be given notice of the application. The application is typically reviewed by the court on an ex parte basis and it is generally approved or denied without a hearing. The application for unclaimed funds must be supported by competent evidence and it must contain, *inter alia*, the following information designed to show that the applicant is the proper entity to claim the money:

    a. The exact dollar amount of the dividend check(s) issued by the trustee to the original creditor/claimant and the date that the funds were deposited with the court as unclaimed funds;

    b. The full name, address and telephone number of the original owner of the funds;

    c. A brief history of the original creditor/claimant (from filing the claim to present), which includes, if applicable, change of address, any sale, merger, consolidation, buy-out, dissolution, marriage or death of the original claimant together with any supporting documentation for the funds not being delivered at the time of the initial distribution;

    d. An affirmative statement as to why the alleged owner is entitled to receive the requested funds;

    e. The petitioner's/applicant's/movant's identity and relationship to the original claimant; and

    f. If the petitioner/applicant/movant is the claimant's agent, a statement that the claimant has authorized it to collect the funds, supported by an original power of attorney containing the claimant's notarized signature and such a grant of authority;

The current ex parte process for recovery of unclaimed funds generally works well when the funds relate to unsecured claims. If the debtor(s) received a discharge, or if their case was dismissed for nonpayment, the court may infer that the unsecured claims never got paid. However, that inference cannot be made, and the ex parte process is inherently flawed, both substantively and procedurally, with regard to unclaimed distributions made on account of secured claims. All of the

information required by the court's Guidelines is relevant to establish the claimant's identity in relationship to the original proof of claim. None of the required information addresses the question, Is the claimant still entitled to receive any money on account of the underlying secured obligation?

### The Bank's Application Does Not Show That the Bank is Entitled to Any Further Payment on Account of the Secured Claim.

The analysis here focuses on the terms "rightful owner" and "right thereto" as stated in 28 U.S.C. §§ 2041 & 2042. A secured creditor in chapter 13 is not automatically entitled to recover unclaimed funds representing payments it was owed under a chapter 13 plan by simply establishing its relationship to the original proof of claim. The fact that funds were distributed to the claimant through a chapter 13 plan does not, standing alone, support a finding that any money is still owed to the claimant on account of the underlying obligation after the case is closed. *Acker*, 275 B.R. at 144 (citation omitted). The claimant must establish that it still has the right to payment on account of the original contract. The claimant does not have a "present entitlement" to unclaimed funds if the original secured claim has been brought current or satisfied, either through payment or foreclosure. *Scott*, 346 B.R. at 559.

In support of the Application, the Bank submitted the documents required by the court's Guidelines. However, the Bank's claim was provided for in the Debtors' plan as fully secured. Since the Bank never received the Unclaimed Funds, then it follows that the Debtors never got credit for making those payments against the underlying mortgage obligation. As a fully secured creditor, the Bank has always had recourse against its collateral, the Debtors' residence. Logic dictates that the Bank is not entitled to any further payment on account of the mortgage unless some money is still due and owing. The Bank has that burden of proof.

More than one year has passed since this bankruptcy case was dismissed. Upon dismissal, the Bank had a right to demand payment according to the terms of

its loan and security agreements or foreclose upon its collateral. Based on the passage of time, the court can infer that either the Debtors are still paying the mortgage, or the collateral has been sold at a foreclosure sale in compliance with state law. Under either scenario, the Bank is no longer entitled to collect additional payments unless the Debtors are in default of the mortgage or it has an enforceable deficiency. The Bank must account for how the Unclaimed Funds would be applied to the mortgage. In the absence of such a showing, it appears that the Unclaimed Funds should be returned to the Debtors.

When a secured creditor seeks to recover unclaimed funds from the court's registry, the debtor(s) are entitled, at a minimum, to receive notice of the creditor's application. Alternatively, if the debtor(s) can show that the underlying secured obligation has been satisfied, either through payment, cure of the default, or foreclosure, then the debtor(s) may submit their own application for release of the unclaimed funds on notice to the affected creditor. If there is any objection to either application, then the matter should be resolved at a noticed hearing.

Here, neither the Debtors nor their counsel received any notice that some of their chapter 13 payments were unclaimed by the Bank and that the Trustee was sending the Unclaimed Funds to the clerk of the court. The Bank's Application was not served on the Debtors or their counsel. The Application reveals nothing about the current status of the Bank's collateral and the Debtors have not had an opportunity to oppose the Application or respond with evidence to show whether any money is still owed to the Bank.[3]

///

---

[3] The record does show that the Debtors and their attorney received a copy of the Trustee's final report and account showing monies paid to BAC on account of the Secured Claim, but there is nothing in the system that required the Trustee to give notice that some of the checks were uncashed by BAC, or that the Trustee had deposited the Unclaimed Funds with the clerk of the court. The Debtors would have to initiate a search of the court's registry for each of their scheduled creditors to determine if there are any unclaimed funds which may be recoverable.

**Conclusion.**

Based on the foregoing, the Bank has not sustained its burden of proof to show that it is still entitled to receive the Unclaimed Funds. Accordingly, the Application for Unclaimed Funds filed on behalf of Bank of America Corporation by Sierra Funds Recovery, Inc., will be denied without prejudice. The Bank and/or the Debtors may file a motion(s) on notice to the other party for an order directing release of the Unclaimed Funds supported by evidence consistent with this memorandum.

Dated: September 9, 2011

W. Richard Lee
United States Bankruptcy Judge

Johnnie Ray Pena and Bertha Alicia Pena, Case No. 09-14146-B-13

Johnnie Ray Pena
Bertha Alicia Pena
2346 N. Oaks
Tulare, CA 93274

Geoffrey M. Adalian, Esq.
Attorney at Law
5501 W. Hillsdale Dr., #C
Visalia, CA 93291

Michael H. Meyer, Esq.
Attorney at Law
P.O. Box 28950
Fresno, CA 93729-8950

Karen Ceriani
Financial Administrator
U.S. Bankruptcy Court
501 I Street, Suite 3-200
Sacramento, CA 95814

BAC Home Loans Servicing, LP
c/o Matthew D. Tokarz, Esq.
Miles Bauer, Bergstrom & Winter, LLP
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626

Bank of America Corporation
c/o Sierra Funds Recovery, Inc.
10123 Main Place, Ste. B
Bothell, WA 98011-3402

Karen Hartford-Polk
Assistant Vice-President, Recovery Officer
Bank of America Corporation
NCI-021-03-40
401 North Tryon St.
Charlotte, NC 28255

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721